UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,** § § § | | |
| **Plaintiff,** § § | | |
| v. § § | | |
| **CAROLYN D. THOMAS,** § as parent of MLT (M) and MLT (F), § **MINOR CHILDREN,** and § **SUSAN K. DUNAWAY,** § § § | **CIVIL ACTION NO. H-04-3579** | |
| **Defendants** § § § | | |
| **CAROLYN D. THOMAS,** § as parent of MLT (M) and MLT (F), § **MINOR CHILDREN,** § § | | |
| **Cross Plaintiffs,** § § | | |
| v. § § | | |
| **SUSAN K. DUNAWAY,** § § | | |
| **Cross Defendant.** § | | |

**MEMORANDUM AND ORDER**

Pending before the Court is Cross Plaintiff Carolyn D. Thomas's Motion for Final Summary Judgment (Dkt. #23). After careful consideration of the parties' arguments, the entire record, and the applicable law, the Court is of the opinion that the motion should be GRANTED in part and DENIED in part.

**Factual and Procedural Background**

On September 16, 2004, Liberty Life Assurance Company of Boston ("Liberty") commenced

this interpleader action to have the Court determine entitlement to life insurance proceeds resulting from the death of Mark R. Thomas. Liberty named the persons making competing claims to the life insurance proceeds as defendants in its interpleader complaint: 1) Carolyn Thomas in her capacity as the parent of MLT (male) and MLT (female), minor children of Carolyn Thomas ("Thomas") and Mark R. Thomas (the "Decedent"); and 2) Susan K. Dunaway, Mark R. Thomas' sister. Both Thomas and Dunaway filed answers to Liberty's complaint, and Dunaway subsequently filed an answer to a cross-claim for declaratory judgment filed against her by Thomas. On October 29, 2004, the Court entered an Order granting Liberty's motion for leave to deposit the life insurance proceeds into the registry of the Court. As a result, Liberty paid $23,552.70 into the Court's registry, which represented all of the monies Liberty was obligated to pay under the policy. On January 20, 2005, the Court entered an Order dismissing and discharging Liberty from this lawsuit, leaving only Thomas' request for declaratory judgment under 28 U.S.C. § 2201.

The summary judgment evidence indicates that the Decedent was an employee insured under a ERISA-governed group life insurance policy issued by Liberty to Henkels & McCoy. The Decedent died on January 26, 2004. The only designation of beneficiary form in Liberty's possession prior to Decedent's death was signed on November 12, 2002.[1] The form designates as the primary beneficiaries of the proceeds the minor children of the Decedent, and further names Defendant Dunaway as the contingent beneficiary. On or about March 10, 2004, Liberty received claims for the proceeds by Thomas and the minor children of the Decedent. On or about March 22, 2004, Defendant Dunaway filed a claim for the life insurance proceeds. Dunaway's claim included a Life and Disability Employee Enrollment Form marked "Change of Beneficiary," which purported

---

[1] Dkt. #1, Ex. B.

to designate Defendant Dunaway as the primary beneficiary for the proceeds. Although the form was purportedly signed by the Decedent, it was not dated.

On December 16, 2004, United States Magistrate Judge Nancy K. Johnson held an initial pretrial and scheduling conference. All parties attended this conference. Since that time, however, it appears that Defendant Dunaway has not participated in this lawsuit. In particular, the Court notes that Defendant Dunaway has not (1) filed her initial disclosures as required by Federal Rule 26(a), (2) answered any of the discovery requests served on her, (3) filed any expert reports, or (4) otherwise filed any other motions or responses. Thomas filed her Motion for Final Summary Judgment on June 7, 2005, to which Defendant Dunaway has not responded.

**Discussion**

Thomas seeks a declaratory judgment in favor of her minor children that they are entitled to the life insurance proceeds. According to Thomas, she must demonstrate the following in order to prevail in her declaratory judgment action:

1.  that Decedent had a beneficiary designation on file with Liberty and his employer, Henkels and McCoy, Inc., that designated MLT (male) and MLT (female) as the primary beneficiaries of his group life insurance policy;
2.  that Decedent was a covered employee of Henkels and McCoy, and was eligible and qualified to have Liberty pay life insurance benefits to beneficiaries at the time of his death.
3.  that Decedent did not file any change of beneficiary designation with his employer or Liberty prior to his death;
4.  that Decedent did not intend to submit any beneficiary designation that he may have signed but had not filed with his employer or Liberty prior to his death;
5.  that the change of beneficiary form submitted by Defendant Dunaway to Liberty after Decedent's death was not dated, and therefore, did not effect the valid beneficiary form already on file with his employer and Liberty;
6.  and the amount of life insurance proceeds payable by Liberty as a result of Decedent's death.

Thomas claims that there is no genuine issue of material fact as to any of these elements, and that,

therefore, summary judgment is appropriate. The Court agrees.

> Federal Rule of Civil Procedure 36(a) provides, in pertinent part,
>
> A party may serve upon any other party a written request for the admission . . . of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request.
> \* \* \*
> The matter is admitted unless, within 30 days after service of the request, . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

Furthermore, Rule 36(b) describes the "effect of an admission" as "conclusive" unless the court allows withdrawal or amendment of the admission. In this case, the record indicates that requests for admissions were properly served on Defendant Dunaway, and that she has not responded. Therefore, the matters by requested by Thomas are deemed admitted pursuant to Rule 36(a). These deemed admissions, together with the Dunaway's admissions in her answer to Thomas' cross claim, conclusively establish the elements necessary for Thomas to prevail in the declaratory judgment action. As such, the Court finds that summary judgment is appropriate on the issue of the insurance proceeds.

Thomas also seeks attorneys' fees under 29 U.S.C. § 1132(g), which allows a court to award attorneys' fees in its discretion to the prevailing party in an action under ERISA. The Court notes that this fee-shifting provision serves to promote statutory compliance by allowing a prevailing party to recover its costs in an action to enforce rights under ERISA. *See* 29 U.S.C. § 1132(g); *Bannistor v. Ullman*, 287 F.3d 394, 408-09 (5th Cir. 2002) (outlining five factor test for evaluating request of attorneys' fees under § 1132(g), including, *inter alia*, opposing party's bad faith, as well as possible deterrent effect). The Court finds that awarding attorneys' fees under the facts of this case would

be inappropriate. There is no indication that this ERISA fee-shifting provision was intended to apply to an individual in Dunaway's position, who merely filed a claim seeking to establish entitlement to life insurance proceeds after her brother's death. Moreover, the Court is unaware of any allegation that Dunaway proceeded in bad faith or engaged in any type of fraudulent conduct. Therefore, Thomas' request for attorneys' fees must be DENIED.[2]

## Conclusion

For the foregoing reasons, Cross Plaintiff Carolyn D. Thomas's Motion for Final Summary Judgment is hereby GRANTED in part and DENIED in part. Because all of the claims in this lawsuit have now been addressed, the Court will enter final judgment in accordance with this Memorandum and Order.

Signed this 3rd day of November, 2005.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that its conclusion also applies to Thomas' request for a contingent award of attorneys' fees in the event of an appeal by Dunaway.